**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Shevelle Duran,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-20-08347-PCT-SPL<br><br>**ORDER** |

At issue is the denial of Plaintiff Samantha Shevelle Duran's Application for disabled widow's benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 16). Defendant SSA filed an Answering Brief (Doc. 18), and Plaintiff filed a Reply (Doc. 24). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 13), and it affirms the Administrative Law Judge's ("ALJ") decision (AR at 186-98) for the reasons addressed herein.

**I.   Background**

Plaintiff filed her Application for disabled widow's benefits on August 21, 2017, alleging a disability beginning on July 22, 2017. (AR 186). Plaintiff's Application was initially denied on January 4, 2018, and upon reconsideration on May 18, 2018. (*Id.*) A hearing was held before ALJ Dante M. Alegre on December 10, 2019. (*Id.* at 118-46). Plaintiff was 50 years old at the time of her alleged disability onset date and had no past relevant work. (*Id.*) Plaintiff's Application was denied in a decision by the ALJ on March

3, 2020. (*Id.* at 198). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of cervical spondylosis, right shoulder impingement status-post arthroscopy, asthma, COPD, obesity, carpal tunnel syndrome, osteoarthritis of the hands, rheumatoid arthritis and lumbar degenerative disc disease. (AR 190). While the ALJ noted that Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work and thus was not disabled. (*Id.* at 192).

Plaintiff argues that the ALJ erred in finding not persuasive the opinion of her treating physician Dr. Jeffrey Reagan, M.D., and in failing to give clear and convincing reasons to discount her subjective symptom testimony. (Doc. 16). Plaintiff seeks the Court to remand her case for an immediate award of benefits. (*Id.*) The Commissioner argues that the ALJ's opinion is free of harmful error and must be affirmed. (Doc. 18). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.     Legal Standards**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's

decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   Analysis**

Plaintiff argues that the ALJ erred in finding not persuasive the opinion of her treating physician Dr. Jeffrey Reagan, M.D. ("Dr. Reagan"), and in failing to give clear and convincing reasons to discount her subjective symptom testimony. (Doc. 16). The Court will consider the issues in turn.

**A.     The ALJ did not err in his consideration of Dr. Reagan's opinion.**

Dr. Reagan, Plaintiff's treating orthopedist, completed an assessment of Plaintiff's work-related limitations in February 2018. (AR 1070-71). Dr. Reagan opined that Plaintiff had "pain, numbness, tingling, weakness Right shoulder." (*Id.*) Dr. Reagan opined that Plaintiff could sit more than four but less than six hours in an eight-hour workday and stand

more than two but less than three hours in an eight-hour workday, but would need to alternate between sitting, standing, or walking every 21 to 45 minutes and rest for five to nine minutes. (*Id.*) Dr. Reagan opined that Plaintiff could lift and carry less than 10 pounds and would be limited to using her right hand on a "[l]ess than occasional" basis, defined as "0%-20%." (*Id.*) These impairments, Dr. Reagan opined, would cause Plaintiff to miss work once a month. (*Id.*) The ALJ found this opinion to be not persuasive for a number of reasons, including that the opinion was inconsistent with Dr. Reagan's own records and other medical records. (AR 196-97).

As Plaintiff applied for disability benefits after March 27, 2017, the new set of regulations for evaluating evidence from medical providers applies to this case. *See* 20 C.F.R. § 416.920c. These regulations eliminate the previous hierarchy of medical opinions, and the ALJ is not allowed to defer to or give specific weight to any medical opinions. The new regulations for considering physician opinions states as follows:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 416.920c.[1]

The regulations define "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." 20 C.F.R. § 416.913(a)(2). All "other medical evidence" that an ALJ considers as part of the Administrative Record is defined as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your

---

[1] Other factors that may be considered by the ALJ in addition to supportability and consistency include the provider's relationship with the claimant, the length of the treatment relationship, frequency of examinations, purpose and extent of the treatment relationship, and the specialization of the provider. 20 C.F.R. § 416.920c.

medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 416.913(a)(3).

The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. However, the new regulations require an ALJ to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and still require the ALJ to provide legally sufficient reasons supported by substantial evidence for finding a medical opinion unpersuasive. *See, e.g.*, *Beason v. Saul*, 2020 WL 606760, *3 (C.D. Cal. Feb. 7, 2020); *Jessica B. v. Comm'r of Soc. Sec.*, 2021 WL 4452850, at *3 (W.D. Wash. Sept. 29, 2021). An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). This means that an ALJ must "do more than state conclusions." *Id.* Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." (*Id.*)

Here, the Court finds that the ALJ gave adequate reasons supported by substantial evidence for finding Dr. Reagan's opinion not persuasive. In making this determination, the ALJ discussed dozens of pages from the medical record and citing to specific records throughout his decision. The ALJ discussed many records, including but not limited to the following: cervical x-rays in August 2016 showing only mild degenerative changes (AR 451); CT of the cervical spine in December 2016 showing only small posterior disc complex (*Id.* at 401); CT of the shoulder showing mild subchondral cystic change and mild acromioclavicular arthropathy (*Id.* at 402); X-rays of right hand and wrist were normal (*Id.* at 466-67); MRI in December 2016 showed mild cystic change to the humeral head but no significant cartilage thinning and only mild AC joint arthropathy (*Id.* at 643); EMG results showed no radiculopathy or evidence or carpal or cubital tunnel (*Id.* at 644); dozens of records showing normal gait and station and range of motion (*Id.* at 677, 682, 687, 694, 699, 704, 709, 715, 720, 726, 730, 735, 740, 743, 751, 755, 760, 821, 843, 858, 910, 914,

921, 928, 933, 937, 942, 949, 954, 959, 966). The ALJ concluded that the limitations opined by Dr. Reagan were not consistent with "objective diagnostic and clinical evidence in the record." (*Id.* at 196).

The Court finds that the ALJ's reasoning was supported by substantial evidence in the record. Regardless of whether Plaintiff views the evidence of record in a different light, the Court must defer to the ALJ where his interpretation of the evidence is rational. *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). The ALJ did not err in his discussion of this opinion.

**B.      The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony**

Plaintiff testified that she had pain in her lower back, arms, hands, and legs. (AR 127). In order to alleviate back pain, she sat in a recliner for around four hours per day. (*Id.* at 128). She testified that she used a cane and was able to do some chores around the house, but only for about 15 or 20 minutes before needing to take a break for 35 to 40 minutes. (*Id.* at 131, 134). She testified that her hands would cramp and go numb daily. (*Id.* at 136-37). Plaintiff argues that these impairments preclude all employment. The ALJ found that Plaintiff's symptom testimony was not supported by the medical record and determined that she had the RFC to perform light work.

Plaintiff argues that the ALJ did not provide specific, clear, and convincing reasons supported by substantial evidence in the record to discredit her symptom testimony. (Doc. 16 at 12-16). Plaintiff argues that the ALJ did not "tie-in" his characterization of the medical record with any specific testimony of Plaintiff. (*Id.*) The Commissioner argues that the ALJ properly examined the records against Plaintiff's testimony, noting that the ALJ specifically addressed Plaintiff's failure to follow recommended treatment and her ability to travel during the period in question as reasons to discredit the testimony. (Doc. 18 at 5).

An ALJ must evaluate whether the claimant has presented objective medical

evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)). In evaluating a claimant's pain testimony after a claimant produces objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains her decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). "Throughout the five-step evaluation, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020).

Here, the ALJ discussed numerous treatment records to support his decision. He discussed Plaintiff's October 2017 MRI scan of her cervical spine showing only mild degenerative disc disease. (AR 904). He also discussed March 2018 imaging results confirming that Plaintiff's rotator cuff was intact. He noted that Plaintiff appeared with normal gait, station, and range of motion at appointments in April, September, and December 2017. (*Id.* at 193, citing 677, 682, 915). The ALJ also noted that Plaintiff discontinued her physical therapy for her shoulder in order to travel to Europe. (AR 194). The ALJ noted that Plaintiff's ability to travel to Europe on vacation was not necessarily consistent with the allegations of disabling symptoms. (*Id.* at 195). Specifically, the ALJ discussed the level of exertion necessary to travel by plane for such a long time period. Plaintiff does not disagree with the ALJ's findings, other than to argue that the ALJ omitted from his discussion that Plaintiff did complete some physical therapy sessions for her shoulder before discontinuing them to travel to Europe. (Doc. 16 at 15). These findings were not in error. *See Romanelli v. Astrue*, 267 Fed. Appx. 722, 724 (9th Cir. 2008) ("ALJ reasonably concluded that Ms. Romanelli's claimed limitation of being unable to stand for

more than fifteen minutes at a time was inconsistent with her testimony about her physical activities such as traveling around the United Kingdom for two weeks"); *Wennet v. Saul*, 777 Fed. Appx. 875, 877 (9th Cir. 2018) (discounting symptom testimony where claimant travelled to New York and Italy); *Sadeeq v. Colvin*, 607 Fed. Appx. 629, 631 (9th Cir. 2015) ("ALJ did not err by concluding that Sadeeq's trip to Mecca for a pilgrimage suggested that the alleged symptoms and limitations may have been overstated.").

The ALJ set forth multiple specific reasons supported by substantial evidence for discounting some of Plaintiff's subjective symptom statements. Based on the above, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with the medical evidence. The ALJ properly concluded that the examinations in the medical record and Plaintiff's own testimony about her activities of daily living did not support her claims of disabling limitations, and therefore, properly found that her subjective symptom testimony was not entirely persuasive. *See Thomas*, 278 F.3d at 954 ("[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld"); *see also Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1190 (9th Cir. 2004) ("the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). The Court finds that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 488–89. The ALJ did not err here.

## IV. Conclusion

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ properly considered the medical opinion testimony and properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. Therefore, the Court finds that the ALJ did not err in his decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

///

///

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 20th day of April, 2022.

Honorable Steven P. Logan
United States District Judge